IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**NIEYA ANDIE OWUSU ANSAH**,  )
  )
  )
 Plaintiff,  )
  )
 v.  )  2:24-cv-1115
  )  **Electronic Filing**
**SUPERIOR HOME CARE AGENCY,**  )
**ELIZABETH WILLIAMS, and**  )
**TREASE ATKINS**  )
  )
 Defendants.  )

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 11th day of August, 2025, for the reasons set forth in the memorandum below, IT IS ORDERED that [1] plaintiff's motion to proceed *in forma pauperis* be, and the same hereby is, GRANTED.  The Clerk of Court shall file [1-1] plaintiff's complaint;

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED as legally frivolous pursuant to 28 U.S.C. § 1915(e); and

IT FURTHER IS ORDERED that all pending motions be, and the same hereby are, denied as moot.

Nieya Andie Owusu Ansah ("plaintiff") commenced this civil action against defendants Superior Home Care Agency, Elizabeth Williams, and Trease Atkins by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking to assert a Bivens claim for "elder justice act" and emotional distress.  Complaint for Violation of Civil Rights (Doc. No. 1-1) at p. 3.  Plaintiff does not identify the nature or role of Superior Home Care Agency but does identify Elizabeth Williams as "supervisor management" and Trease Atkins as a "provider." (Doc. No. 1-1) at pp. 2-3.

Plaintiff's complaint states that she "asked Trease to take or go get DVD from Library" on February 7, 2024. (Doc. No. 1-1) at p. 4. The complaint further alleges plaintiff had to "come home from work and prepare food for mother when it's her job at time not staying in 8 hours or over." Id. The only additional facts provided reiterate that from February 7, 2024, to March 28, 2024, plaintiff had to leave work early to make dinner and do work tasks that the provider should have been providing. Id.

The United State Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[1] Roman v Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990). The court finds plaintiff to be without sufficient funds to pay the required filing fee. Thus, she will be granted leave to proceed in forma pauperis.

Next, plaintiff's complaint will be dismissed as legally frivolous because plaintiff has failed to allege how the defendant harmed her in the way required for her stated cause of action. In Neitzke, the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional. Id. at 328. In addition, Congress has expanded the scope of 1915 to require that the court be satisfied that the complaint states a

---

[1] This provision is now codified at 28 U.S.C. § 1915(e)(2)(B)(i).

claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff proceeding *pro se* is held to "less stringent standards" than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 596 (1972). Although all facts alleged in a *pro se* complaint must be accepted as true, a *pro se* complaint may still be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011). Additionally, it is not proper for a court to assume a plaintiff "can prove facts for which [he or she] has not alleged." Associated Gen. Contractors v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S. Ct. 897 (1983).

Plaintiff's complaint is based on factual contentions which are clearly baseless. First, to bring an action under either 42 U.S.C. § 1983 or Bivens, a plaintiff must sufficiently show that the party was acting under "color of state law." Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971). Here, plaintiff has not shown that defendants were acting under color of state law, and in fact has not shown that defendants have committed any wrongdoing against her. In this regard plaintiff alleges harm of emotional distress, elder abuse, labor law violations, mental abuse, workers discrimination, abandonment, elder rights, "state policy of law for mental ill," and women's rights, but only has factually contended that she had to complete work tasks, such as making dinner, that were tasks of the provider. (Doc. No. 1-1) at pp. 4-5. Even the most generous reading of the complaint fails because plaintiff has not shown how the actions of any defendants have harmed her in a legally cognizable way.

Moreover, if plaintiff intended to establish harm to her mother, plaintiff is unable to bring a cause of action for another party in a *pro se* action.[2] If plaintiff intends to show she was harmed by leaving work early to care for her mother, plaintiff clearly has not established a plausible claim upon which relief may be granted. Additionally, plaintiff's complaint puts forth fanciful allegations of harm from asking Atkins to either take or go get a DVD from the library, which is not harm at all. (Doc. No. 1-1) at p. 4. Plaintiff's claim not only fails to state a claim upon which relief can be granted, but puts forth fanciful allegations that lack an arguable basis for recovery in law. Therefore, the case will be dismissed as legally frivolous. See Banks v. Pennsylvania, Civil Action No. 09-1437, 2010 U.S. Dist. WL 569545 (W.D. Pa. Jan. 4, 2010) (legally frivolous claims include those that lack an arguable basis in law or fact) (citing Hutchins v. McDaniels, 512 F.3d 193, 195–96 (5th Cir. 2007) ("A complaint is frivolous if it lacks an arguable basis in law or fact.").

Because plaintiff's complaint lacks any arguable basis in law or fact, and/or is based on an indisputably meritless legal theory, the complaint is legally frivolous and must be dismissed pursuant to 28 U.S.C. §1915(e).[3]

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

---

[2] See McCain v. Abraham, 337 Fed. Appx. 141, 142 (3d Cir. 2009) (citing Osei-Afriyie v. Med. Coll. of Penn., 937 F.2d 876, 882 (3d Cir. 1991) (stating a *pro se* litigant who is not an attorney may not represent someone else in federal court).

[3] Generally, a plaintiff is to be granted leave to amend where an amendment might be able to cure the deficiencies resulting in the dismissal. Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). This principle does not apply, however, when the record indicates that any attempt to do so would be futile. Grayson v. Mayview State Hosp., 293 F. 3d 103, 108 (3d Cir. 2002). Here, plaintiff does not provide facts to support her claims that the "defendants" were involved in or harmed her in the way that would give rise to any claim for recovery. Nor does it appear that there is any reasonable basis to assume she might be able to do so. Therefore, plaintiff's claim has been dismissed and the case has been closed.

4

cc: Nieya Andie Owusu Ansah
111 Tecumseh Street
Apartment #206
Hazlewood, PA 15207

(*Via CM/ECF Electronic Mail*)